IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA

REITER CONSULTING SERVICES, INC.

    Plaintiff,

v.

SANDRA HILDENBRAND, *et al.*

    Defendant.

Civil Action No.:_____

## NOTICE OF REMOVAL

Defendant Sandra Hildenbrand ("Ms. Hildenbrand"), by James B. Gatehouse and Whiteford, Taylor & Preston, LLP, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files its Notice of Removal to remove this action from the North Carolina Superior Court for McDowell County to the United States District Court for the District of North Carolina. In support of this Notice of Removal, Ms. Hildenbrand states as follows:

    1.    This action was commenced by Plaintiff's filing of a complaint on or about December 29, 2025 ("Complaint") in the North Carolina Superior Court for McDowell County and styled as *Reiter Consulting Services, Inc. v. Sandra Hildenbrand, et al*, File No. 25CV002243-580 (the "State Court Action"). A copy of the Complaint and other contents of the court file from the State Court Action are attached hereto as Exhibit 1.

    2.    Plaintiff Reiter Consulting Services, Inc. ("Plaintiff" or "RCS") alleges that Ms. Hildenbrand and her late husband Jack Dallas Hildenbrand, who died in 2021, formed unincorporated business entities named Potomac Solutions, LLC and Potomac Solutions, Inc. that are both deemed partnerships under applicable law, Complaint ¶¶ 4-5, and Plaintiff has named these purported partnerships as defendants in the State Court Action. Ms. Hildenbrand denies that she was ever a partner in any partnership or that the alleged partnerships ever existed; however,

1

even if they did, as a matter of law, the purported partnerships legally ceased to exist upon the death of her husband. N.C. GEN. STAT. § 59-61(4) (dissolution of a partnership occurs "[b]y the death of any partner[.]"). Further, the relevant inquiry for purposes of diversity jurisdiction is "the citizenship of the parties at the time suit is commenced and at the time the removal petition is filed." *Storr Off. Supply Div. v. Radar Bus. Sys.-Raleigh, Inc.,* 832 F. Supp. 154, 156 (E.D.N.C. 1993). Plaintiff agrees and indeed alleges that Ms. Hildenbrand's late husband was deceased at the time of the filing of the State Court Action. Complaint ¶ 2.

3. Assuming, *arguendo*, that the purported partnerships were properly joined, only Ms. Hildenbrand's domicile is relevant for purposes of diversity jurisdiction analysis. When determining the citizenship of a partnership for diversity purposes, courts will look to the citizenship of its members at the time of filing. *See Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 569–70 (2004). As the only surviving member of the purported partnership at the time of filing the Complaint, only Ms. Hildenbrand's domicile need be considered. *See, e.g., United Nat'l. Ins. Co. v. Waterfront N.Y. Realty Corp.*, 907 F. Supp. 663, 668–69 (S.D.N.Y. 1995) (holding that decedent's domicile at time of death was not relevant for diversity jurisdiction purposes where complaint was filed post-mortem).

4. The United States District Court for the Western District of North Carolina has jurisdiction over this action pursuant to 28 U.S.C. § 1332. At all times relevant hereto and at the time this action was commenced, Ms. Hildenbrand was a citizen and resident of the Commonwealth of Virginia. Plaintiff RCS is a corporation organized and existing under the laws of the State of Maryland, with its principal place of business located in Annapolis, Maryland. Complaint ¶¶ 1, 3.

5. The amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. Aside from formulaic recitations of the of $25,000 North Carolina Superior Court jurisdictional amount, the Complaint alleges that Plaintiff has sustained damages in excess of $900,000.00. Complaint ¶¶ 45-47, 96, 107, 120. In addition, the Complaint seeks relief including treble damages under N.C. Gen. Stat. §§ 75-1.1, 75-16. Complaint ¶¶ 133-34.

6. Pursuant to 28 U.S.C. § 1441(a), Defendant is entitled to remove this action to this Court because the McDowell County Superior Court lies within this District.

7. To date, Ms. Hildenbrand has not been served with process in the State Court Action. Ms. Hildenbrand received a copy of the Complaint on December 30, 2025 from (then-unretained) counsel. (Plaintiff's counsel had emailed him a courtesy copy after close of business the prior evening.) No process accompanied that copy of the Complaint. Ms. Hildenbrand has not authorized acceptance of service.

8. This Notice of Removal is being filed within thirty (30) days of December 30, 2025, the earliest date upon which Defendant received a copy of Plaintiff's Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

9. As noted above, no process, pleadings or orders have been served upon Ms. Hildenbrand within the contemplation of 28 U.S.C. § 1446(a), but the copies of the Complaint and other contents of the file from the State Court Action are attached hereto as **Exhibit 1**.

10. As noted above, Ms. Hildenbrand denies that she was ever a partner in any partnership or that the alleged partnership defendants, Potomac Solutions, Inc. and Potomac Solutions, LLC, ever existed. Ms. Hildenbrand further states as follows, in light of Plaintiff's allegations that she is the sole remaining partner of both purported partnerships and Plaintiff's request for issuance of summonses to Ms. Hildenbrand as a "General Partner [] By Operation of

Law" for Potomac Solutions, Inc. and Potomac Solutions, LLC in the State Court Action. *See* Exhibit 1, pp. 3, 5. Accordingly, and without waiving any factual or legal defenses, pursuant to 28 U.S.C. § 1446(b)(2), Ms. Hildenbrand, in her purported capacity as the sole remaining partner of Potomac Solutions, Inc. and Potomac Solutions, LLC, consents to the removal of this action on behalf of both partnerships to the extent that either or both of them are thought to exist.

11. Pursuant to 28 U.S.C. § 1446(d), Ms. Hildenbrand will promptly file a copy of this Notice of Removal in the State Court Action and give written notice of the filing to Plaintiff. Consistent with this Court's rules, LCvR 73.1(b), Ms. Hildenbrand will also serve the Plaintiff with the Notice of Removal, the Notice of Availability of United States Magistrate Judge to Exercise Jurisdiction, the form of Joint Stipulation of Consent to Exercise of Jurisdiction by a United States Magistrate Judge, and any Case Assignment Notice issued by the Court.

12. By filing this Notice of Removal, Ms. Hildenbrand reserves all defenses, including those relating to service of process, sufficiency of process, and jurisdiction, that may be available to her.

WHEREFORE, Defendant Sandra Hildenbrand respectfully gives notice of removal of this action from the North Carolina Superior Court for McDowell County.

> */s/ James B. Gatehouse*
> James B. Gatehouse
> N.C. Bar No. 22811
> WHITEFORD, TAYLOR & PRESTON, LLP
> Two Morrocroft Centre
> 4064 Colony Road, Suite 315
> Charlotte, North Carolina 28211
> Telephone: (980) 242-5001
> Facsimile: (980) 242.5019
> jgatehouse@whitefordlaw.com
>
> *Attorney for Defendant Sandra Hildenbrand*

## **CERTIFICATION**

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 28th day of January, 2026.

*/s/ James B. Gatehouse*
James B. Gatehouse

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of January, 2026, a copy of the foregoing Notice of Removal was sent by first class mail, postage prepaid, to counsel for Plaintiff as follows:

Edward L. Bleynat, Jr.
Ferikes Bleynat & Cannon PLLC
67 Charlotte Street
Asheville, North Carolina 28801
ed@ashevillelitigators.com

*/s/ James B. Gatehouse*
James B. Gatehouse