# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:26-cv-00032-MR-WCM

| | | |
|---|---|---|
| REITER CONSULTING SERVICES, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| SANDRA HILDENBRAND, POTOMAC SOLUTIONS, LLC, and POTOMAC SOLUTIONS, INC., | ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Vacate Dismissal and for Relief from Judgment Pursuant to Rule 60(b)(1). [Doc. 6].

## I. BACKGROUND

On December 29, 2025, the Plaintiff Reiter Consulting Services, Inc. initiated this action in McDowell County Superior Court, asserting claims for fraud and unfair and deceptive trade practices against the Defendants Sandra Hildenbrand, Potomac Solutions, LLC, and Potomac Solutions, Inc. [Doc. 1-1]. On January 28, 2026, Defendant Hildenbrand filed a timely Notice of Removal to this Court. [Doc. 1].

On May 6, 2026, the Court ordered the Plaintiff to show cause in writing within fourteen days why this action should not be dismissed for failure to prosecute. [Doc. 3]. The Court advised the Plaintiff that "failure to respond in the time required will result in the dismissal of this case without prejudice." [Id. at 2]. Because the Plaintiff failed to respond in the time required, the Court dismissed the case without prejudice, [Doc. 4], and the Clerk entered a Judgment, [Doc. 5]. On June 5, 2026, the Plaintiff filed the instant Motion to Vacate pursuant to Federal Rule of Civil Procedure 60(b).[1] [Doc. 6]. For

---

[1] The Plaintiff's motion seeks to vacate the dismissal of this case and relief from the Judgment pursuant to Federal Rule of Civil Procedure 60(b). [Docs. 6, 7, 11]. Generally, motions to vacate filed within twenty-eight days of the entry of Judgment are more properly construed as motions to alter or amend the judgment pursuant to Rule 59(e). See F.D.I.C. v. Dion Holdings, LLC, No. 1:11-CV-00083-MR-DLH, 2013 WL 1798577, at *3 (W.D.N.C. Apr. 29, 2013) (collecting cases). Rule 59(e), however, "was promulgated to make clear that the district court, with broad discretion, could 'rectify its own mistakes in the period immediately following the entry of judgment.'" Daulatzai v. Maryland, 97 F.4th 166, 177 (4th Cir. 2024) (quoting White v. N.H. Dep't of Emp. Sec., 455 U.S. 445, 450 (1982)). As a result, Rule 59(e) "is generally invoked 'only to support reconsideration of matters properly encompassed in a decision on the merits.'" Id. at 178 (quoting White, 455 U.S. at 451). This principle is consistent with the permissible grounds for granting a Rule 59(e) motion—"(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice," Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir.1998)—all of which concern the disposition of a case on the merits. See also Wojcicki v. SCANA/SCE&G, 947 F.3d 240, 246 (4th Cir. 2020) ("[W]e have previously held that where the district court's initial decision was correct, the denial of a motion to reconsider cannot be clearly erroneous or manifestly unjust."); United States v. Duke Energy Corp., No. 1:00CV1262, 2014 WL 4659479, at *5 (M.D.N.C. Sept. 17, 2014) (defining manifest injustice as a court's "direct, obvious, and observable error"); Reg. v. Cameron & Barkley Co., 481 F. Supp. 2d 479, 480 (D.S.C. 2007) (same). Here, although the instant motion was filed within the twenty-eight-day window for Rule 59(e), the Court has not issued a decision on the merits. Moreover, there is, strictly speaking, no bar to filing a Rule 60(b) motion immediately following entry of judgment. See Fed. R. Civ. P. 60(c) (providing that Rule 60(b) motions "must be made within a reasonable time"). Accordingly, the Court will address the Plaintiff's motion under Rule 60(b) as requested.

2

grounds, the Plaintiff contends that its failure to respond resulted from "excusable neglect." [Doc. 7 at 7-15]. Defendant Hildenbrand filed a brief in opposition on June 22, 2026, [Doc. 10], and the Plaintiff filed a Reply on June 29, 2026, [Doc. 11]. Having been fully briefed, this matter is ripe for disposition.

## II.   DISCUSSION

Rule 60(b) permits a court to provide relief from judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The "neglect" at issue in Rule 60(b) "is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993). Whether such neglect is "excusable" under Rule 60(b)(1) is an "equitable" inquiry that considers "all relevant circumstances surrounding the party's omission," including the "danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 395; see also Justus v. Clarke, 78 F.4th 97, 108 (4th Cir. 2023). Because "clients must be held accountable for the acts and omissions of their attorneys," this inquiry's "proper focus is upon whether the neglect of [the clients] *and their*

*counsel* was excusable."  Id. at 396-97 (emphasis in original); see also Link v. Wabash R. Co., 370 U.S. 626, 633-34 ("[The client] voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent."); Robinson v. Wix Filtration Corp. LLC, 599 F.3d 403, 409 (4th Cir. 2010) (holding that counsel's "calculated decision" not to take action with respect to his computer troubles was not excusable neglect and affirming denial of motion for relief from judgment).  This Court, for example, has previously declined to find counsel's neglect sufficiently excusable to vacate an Order granting summary judgment when counsel failed "to take note of the notification of the electronic filing of the Motion for Summary Judgment and to respond to it in a timely manner."  Dion Holdings, 2013 WL 1798577, at *4.  However, in some circumstances, such as a default judgment, "when the party is blameless, his attorney's negligence qualifies as a 'mistake' or as 'excusable neglect' under Rule 60(b)(1)."  Augusta Fiberglass Coatings, Inc. v. Fodor Contracting Corp., 843 F.2d 808, 811 (4th Cir. 1988).

Here, the Plaintiff's undersigned counsel, Edward Bleynat, "inadvertently overlooked" the electronic notification of the Court's Order to Show Cause in this matter because it was "issued around the same time as several other electronic notifications were issued in an unrelated matter from

4

which [his] client had already been dismissed." [Doc. 6-1 at 3]. Bleynat "believe[s] it is highly likely that [he] marked the email notification of the Order to Show Cause [Doc. 3] in this action as having been read" without reading it, because it had become his "practice" to mark the notifications from the unrelated matter "as having been read" without reading them. [Doc. 6-1 at 3]. Because Bleynat overlooked the Order to Show Cause, he "did not send a copy of the same to lead counsel, nor did [he] notify lead counsel that it had been filed." [Id. at 4]. Because the Plaintiff's lead counsel had "not yet filed a motion for admission pro hac vice," the Plaintiff's lead counsel did not "automatically receive notice of filings in this case" and thus "did not become aware of the Court's Order until after the dismissal had already been entered." [Doc. 7 at 5]. Upon reading the notification regarding dismissal, Bleynat "quickly informed lead counsel" and, through collaboration with lead counsel, prepared and filed the instant motion. [Id. at 5]. Bleynat further represents that, "before [he] was aware [he] had missed the Show Cause notification, [he] confirmed an appointment with [his] optometrist for an eye examination due to eye fatigue and having occasionally misread some emails and other writings." [Id.].

Here, as a preliminary matter, the Court notes that the attorney error at issue likely would not have occurred but for lead counsel's delay in moving

for admission pro hac vice.  This case was timely removed on January 28, 2026.  Lead counsel did not move for leave to appear pro hac vice until June 15, 2026—almost five months after the case was removed.  Moreover, lead counsel signed the instant motion and the memorandum filed in support of the instant motion on June 5, 2026, and then waited yet another ten days before moving for admission pro hac vice.  In light of such delays, the Court admonishes lead counsel for his tardiness in moving for pro hac vice admission.

As to the merits of the Plaintiff's motion, the Court has considered Bleynat's declaration and the briefing submitted by both parties.  Defendant Hildenbrand appears to contend that the attorney error at issue should be imputed to the client because the client purportedly has a history of dilatory conduct in other litigation against the Defendant.  [Doc. 10 at 5-6, 12-13].  The Defendant has provided no basis, however, for the Court to find that the isolated attorney error at issue is related to any such prior litigation.  Defendant Hildenbrand also contends that she will suffer prejudice if this case is reopened and that the Plaintiff does not have meritorious claims to prosecute.  [Id. at 6-12].  The only prejudice the Defendant identifies, however, is the fact of continued litigation over claims that the Defendant regards as "baseless."  [Id. at 6].  The Plaintiff has prepared and submitted

6

an Amended Complaint in response to merits issues raised by the Defendant in a prior demand letter.  [Doc. 7 at 2-4, 8, 12, 14]; see also [Doc. 7-2].  While the Defendant contends that the Amended Complaint fails to cure the initial Complaint's purported deficiencies, [Doc. 10 at 7-12], the Court nevertheless finds that the Plaintiff's preparation and submission of the proposed Amended Complaint evince good faith on the part of the Plaintiff.

The attorney error at issue—failing to read the electronic notification of the Court's Order to Show Cause and, as a result, failing to respond to the Court's Order—is a serious one.  Bleynat's "practice" of failing to read electronic notifications for cases in which he remains counsel of record, and his failure to distinguish the notifications in one case from those in another, gravely concerns the Court.  However, Bleynat regularly appears before this Court and is otherwise known to be a faithful adherent to the Federal Rules of Civil Procedure as well as the Court's Local Rules.  Additionally, once Bleynat discovered his error, he diligently sought to rectify it.  The additional delay resulting from Bleynat's error was therefore short and will have little, if any, impact on judicial proceedings in this matter.  Finally, the Plaintiff has represented that if the Court were to deny the instant motion, the relevant statute of limitations may bar the Plaintiff from refiling many of its claims. [Doc. 7 at 9].  Therefore, in light of Bleynat's history of compliance with the

Court's rules and procedures, his diligence in rectifying his error, the Plaintiff's good faith in preparing and submitting a proposed Amended Complaint, and the potential prejudice to the Plaintiff if the Court were to deny the instant motion, the Court concludes that Bleynat's failure to respond to the Order to Show Cause was excusable neglect.  Accordingly, the Court will grant the Plaintiff's motion and vacate both the dismissal Order [Doc. 4] and Judgment [Doc. 5].

The Plaintiff, however, must now diligently prosecute its case.  The Plaintiff has represented that it "intends to promptly proceed with service of process upon filing the Amended Complaint."  [Doc. 7 at 10].  The Court will discharge the Order to Show Cause [Doc. 3] and allow the Plaintiff thirty days from entry of this Order to file its Amended Complaint and complete service upon the Defendants.  Absent extraordinary circumstances, failure to serve the Defendants within the time required will result in the dismissal of this case without prejudice.

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED,** that the Plaintiff's Motion to Vacate Dismissal and for Relief from Judgment Pursuant to Rule 60(b)(1) [Doc. 6] is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Court's Order [Doc. 4] dismissing the case and the Clerk's Judgment [Doc. 5] are hereby **VACATED**.

**IT IS FURTHER ORDERED** that the Court's Order to Show Cause [Doc. 3] is hereby **DISCHARGED**.

**IT IS FURTHER ORDERED** that the Plaintiff is hereby **DIRECTED** to complete service upon the Defendants within **thirty (30)** days of entry of this Order. The Plaintiff is advised that, absent extraordinary circumstances, failure to complete service in the time required will result in the dismissal of this case without prejudice.

**IT IS SO ORDERED.**          Signed: 7/11/2026

Martin Reidinger
Chief United States District Judge

9